UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) v. ) ) GEORGE HERDEG ) ) | Case No. 1:17-MJ-00030 DAR |

CONSENT MOTION TO CONTINUE PRELIMINARY HEARING
FOR GOOD CAUSE AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

1.   The United States of America, moving by and through its undersigned counsel, respectfully submits this consent motion to reschedule the preliminary hearing in this matter, which is currently scheduled for February 8, 2017. The parties request that the Court set a continued preliminary hearing for February 28, 2017, if that date is convenient for the Court. As grounds for this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion.

2.   The defendant was arrested on January 20, 2017, and he was charged by the U.S. Park Police with, *inter alia*, aiming a laser pointer at an aircraft, in violation of 18 U.S.C. § 39A. On Saturday, January 21, 2017, the United States sought and obtained a criminal complaint in this Court, charging him with one count of violation of § 39A.[1] The defendant appeared before The Honorable Deborah A. Robinson on January 23, 2017, who set conditions of release and set the defendant's preliminary hearing for February 8, 2017, 1:45 p.m., before this Court. The

---

[1] Because the complaint was signed on a Saturday, it was signed by an associate judge of the Superior Court for the District of Columbia.

defendant, who was represented at that hearing by Assistant Federal Defender Tony Miles, Esq., expressed a desire to retain counsel.

3. On January 26, 2017, Abbe Lowell, Esq., contacted the United States to announce his representation of the defendant and to discuss the matter. Undersigned counsel and Mr. Lowell have discussed a possible pre-trial and pre-hearing resolution to this matter, and each party is confident that it can reach a mutually agreeable resolution. However, the parties need more time to reach that resolution. The government thus, with the defendant's consent, seeks to continue the preliminary hearing in this matter and to exclude any resulting delay under the Speedy Trial Act. The government moreover requests that the Court find that the parties have demonstrated good cause for extending the time in which a preliminary hearing must be held. See Fed. R. Crim. P. 5.1(c), (d).

4. Under the Speedy Trial Act, a trial court may exclude time "resulting from a continuance granted … [for] the ends of justice." 18 U.S.C. § 3161(h)(7)(A); United States v. Hemphill, 514 F.3d 1350, 1356 (D.C. Cir. 2008). The parties submit that their good faith efforts to resolve this matter short of trial more than satisfy the "ends of justice" required under the statute.

5. Undersigned counsel has conferred with Mr. Lowell via email, and Mr. Lowell has represented that the defendant consents to a continuance of the preliminary hearing outside of the 21-day window required by Fed. R. Crim. P. 5.1(c), as well as to exclusion of the relevant time period under the Speedy Trial Act. Accordingly, the United States requests that the Court exclude the time period from February 8, 2017, until February 28, 2017 (or until the date set for the continued hearing if February 28 is not convenient for the Court) from any Speedy Trial Act calculations.

Respectfully submitted,

Channing D. Phillips
UNITED STATES ATTORNEY
D.C. Bar Number 415793

_____/s/_____
Erik M. Kenerson
Assistant United States Attorney
Ohio Bar # 82960
555 Fourth Street N.W.
Washington, D.C. 20530

Certificate of Service

I hereby certify that on this the third day of February, 2017, I true and correct copy fo the foregoing instrument was filed with the Clerk of Court via the Court's Electronic Case Filing system. A copy of this motion and proposed order will be sent to Abbe Lowell, Esq., attorney for the defendant, at ADLowell@chadbourne.com.

_____/s/_____
Erik M. Kenerson
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:17-MJ-00030 DAR |
| | ) |
| GEORGE HERDEG | ) |
| | ) |

ORDER

This matter is before the Court on the government's Consent Motion to Continue Preliminary Hearing and to Exclude Time Under the Speedy Trial Act. The Court, having considered the Motion and being otherwise sufficiently advised, is of the opinion that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED**, that the February 8, 2017, hearing before this Court is hereby **VACATED**;

**IT IS FURTHER ORDERED**, that the parties' request to exclude time under the Speedy Trial Act is based on good cause and satisfies the ends of justice;

**IT IS FURTHER ORDERED**, that the period between February 8, 2017 and February 28, 2017, or 21 days, be excluded under the Speedy Trial Act;

**IT IS FURTHER ORDERED**, that the preliminary hearing shall be held on February 28, 2017, at 1:45 p.m., before this Court; and

**IT IS FURTHER ORDERED**, that the parties' request to extend the time in which a preliminary hearing must be held is based on good cause, taking into account the public interest in the prompt disposition of criminal cases.

SIGNED and ENTERED this _____ day of February, 2017.

_____
THE HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**I.      The Account(s)**

The Order applies to records and information associated with the cellular telephone assigned call number (210) 722-3721, (the "Account").

**II.     Records and Other Information to Be Disclosed**

VSAT is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period January 20, 2017:

- A. The following information about the customers or subscribers of the Account:

    1. Names (including subscriber names, user names, and screen names);
    2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    3. Local and long distance telephone connection records;
    4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    5. Length of service (including start date) and types of service utilized;
    6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
    7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
    8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

- B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

# **CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by VSAT, and my official title is _____. I am a custodian of records for VSAT. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of VSAT, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of VSAT; and

    c.    such records were made by VSAT as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____       _____
Date                                       Signature